**STATE of Tennessee, Appellee,**

v.

**Jerome SHANKLIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 17, 1980.

Permission to Appeal Denied by Supreme Court Nov. 3, 1980.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, A. H. Schoonover, Clayburn Peeples, Asst. Dist. Attys. Gen., Trenton, for appellee.

Tom W. Crider, Trenton, for appellant.

### OPINION

WALKER, Presiding Judge.

The appellant, Jerome Shanklin, and two codefendants, Bobby Kelly and Randy Miller, were indicted by the Gibson County grand jury for robbery by means of a deadly weapon. At their joint trial on September 13, 1979, Miller was granted a judgment of acquittal. The jury found the appellant and Kelly guilty as charged and fixed the punishment of each at ten years in the penitentiary. The appellant and Kelly appeal separately to this court. This opinion involves only the appeal of Shanklin.

In appellant's first issue presented for review, he attacks the sufficiency of the convicting evidence. The state's proof, which the jury accredited, showed that on June 4, 1979, at approximately 9:15 to 9:20 p. m., two men, one black and one white, entered the Q Mart convenience store on the south side of Milan and at gunpoint robbed Ms. Betty Welch of $152. Ms. Welch testified that both men approached the counter and the white man asked for all the money in the cash register. Ms. Welch did not comply with the request because the man had been in the store on a previou'

occasion and she did not think he was serious. The white man then went behind the counter, pulled a handgun, and pushed Ms. Welch back against the wall and to the floor. The white man then emptied the contents of the cash register into a bag held by the black man. The two men then left and Ms. Welch called the police. Ms. Welch's on–the–scene description of the black robber was that he was six feet tall or a little over and weighed approximately 200 pounds and had a short black Afro and big ears. At trial Ms. Welch testified in her direct examination that she identified the appellant as the black robber and Kelly as the white robber at a lineup. She further identified the appellant and Kelly in court and repeatedly stated that she was positive in her identification.

Neither the appellant nor Kelly testified in defense. However, several witnesses were called in an attempt to establish an alibi by showing that the appellant and Kelly had been seen at various times on the night in question in several nearby towns. No witness testified as to either the appellant's or Kelly's whereabouts at approximately 9:20 p. m. but several witnesses placed them together on the night in question.

In view of Ms. Welch's identification of the appellant, we find sufficient evidence to justify a rational trier of fact in finding appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Likewise, we can find no error in the trial judge's denial of appellant's motion for a judgment of acquittal. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978).

In appellant's next issue presented for review, he claims that the trial judge erred in allowing into evidence the lineup identification of him by Ms. Welch because the lineup was conducted without an attorney. The lineup is alleged to have been conducted after appellant's arrest without a warrant but prior to his preliminary examination. This issue was first raised by the appellant in his motion for new trial.

Therefore, in actuality, the record is silent as to whether the appellant was represented by counsel at the lineup. However, assuming for the sake of argument that the appellant was not represented by counsel at his postarrest lineup and no other judicial proceedings had been undertaken against him at the time of the lineup, we can find no violation of appellant's constitutional right to counsel. The right to counsel attaches only when adversary judicial proceedings are initiated. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977). In *State v. Mitchell,* 593 S.W.2d 280 (Tenn.1980), our Supreme Court, speaking through the late Justice Henry, held that an arrest with a warrant constituted the initiation of adversary judicial proceedings. However, in footnote four of the *Mitchell* opinion, the court also held that no right to counsel attaches to lineup proceedings conducted after warrantless arrests and prior to formal charge. Appellant had no right to counsel at the lineup and this issue is without merit.

Next, the appellant claims that the trial judge erred in allowing into evidence Ms. Welch's testimony concerning her lineup identification of the appellant and in allowing into evidence her in–court identification of the appellant in that the identifications were tainted by an unduly suggestive lineup procedure.

On June 6, 1979, two days after the robbery, Ms. Welch viewed a lineup of approximately ten men, four of whom were black. Within two or three minutes Ms. Welch recognized Kelly as the white robber, and she left the room where the lineup was being conducted to notify the officers that she could identify Kelly. Upon returning to the lineup to try to identify the black robber, one of the four black men who had long hair and a beard was excused from the lineup. After a few minutes, Ms. Welch identified the appellant as the black robber. The two black men in the lineup, other than the appellant, were six feet, one inch, tall; 135 pounds in weight; and five feet, eight inches tall, 185 pounds in weight with medi-

um length hair and a light complexion. The appellant claims that the lineup was unduly suggestive in that the appellant was the only one of the three men who fit or even came close to Ms. Welch's on–the–scene description of the black robber's height, weight and hair style. Clearly there was some suggestiveness in this lineup procedure.

The rule is that constitutional due process is violated if a pretrial identification is influenced by suggestiveness by police officers to such degree as to render the identification unreliable. If a witness' in–court identification is tainted by an unconstitutional pretrial identification, then the in–court identification is not admissible in evidence. *Holt v. State,* 591 S.W.2d 785 (Tenn.Cr.App.1979). As stated in *Sloan v. State,* 584 S.W.2d 461 (Tenn.Cr.App.1978), the United States Supreme Court set out in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), five factors to be considered in determining whether an identification is reliable enough to withstand due process attack despite suggestiveness in the identification procedure. These facts are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty of the witness at the confrontation; and (5) the length of time between the crime and the confrontation.

Our review of the record with respect to the various *Neil* factors leads us to believe that Ms. Welch's identification of the appellant is reliable enough under the totality of the circumstances to withstand due process attack despite the suggestiveness. The record reveals that the black robber entered the store unmasked and stood for several minutes in the well lighted store within a few feet of Ms. Welch. Although Ms. Welch was concerned, no evidence was presented that she was unduly upset. Except with respect to the large ears, the appellant fit the general description that Ms. Welch gave to the police on

the scene. At trial, Ms. Welch repeatedly stated that she was positive in her identification and no evidence to the contrary was presented. Furthermore, the lineup occurred only two days after the robbery. We find no violation of due process. Appellant's issue attacking the admission into evidence of Ms. Welch's identification is without merit. See *Forbes v. State*, 559 S.W.2d 318 (Tenn.1977).

Next, the appellant claims that the trial judge erred in denying his codefendant Miller's motion for a judgment of acquittal made at the end of the state's case in chief. Miller was eventually granted the motion at the close of the defense's proof. Appellant claims that Miller was entitled to the motion at the close of the state's proof and that the trial judge's failure to grant the motion precluded him from calling Miller as a witness for his defense. A defendant may, if willing, testify for his codefendants. *Rounds v. State*, 171 Tenn. 511, 106 S.W.2d 212 (1937). Appellant cannot now claim error because he did not call or try to call Miller as a witness.

All issues are without merit.

Affirmed.

DUNCAN and TATUM, JJ., concur.